UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff-Respondent, <br> v. <br> FRANCIS HENRY ZEGLER, <br> Defendant-Petitioner. | Civil No. 05-CV-1701-L <br> Criminal No. 04-CR-1016-L <br> **ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

Defendant, a prisoner in federal custody proceeding *pro se*, filed a motion in the United States District Court, Central District of California pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("Motion") following his guilty plea and sentencing in Criminal Case No. 04cr1016-L. The case was transferred to this district on August 30, 2005. This court issued an order requiring response to the Motion. The government filed a response, to which Defendant did not reply. The Motion is **DENIED** and this case is **DISMISSED WITH PREJUDICE** because by the express terms of the Plea Agreement Defendant waived his right to bring the Motion.

Defendant was represented by counsel throughout his criminal case. On July 12, 2004, he pleaded guilty to Count 2 of the Indictment. Count 2 charged Defendant with smuggling an alien into the United States in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). (Indictment at 2.) The

charge carries a maximum penalty of 10 years in custody, a $250,000 fine, a mandatory special assessment of $100 per count, and a term of supervised release of two to three years. (Plea Agreement, filed 7/12/04 ("Plea Agreement"), ¶ III.) In exchange for dismissing the remaining five counts in the Indictment, Defendant waived his right to trial, appeal and collateral attack on the judgment and sentence. (*Id*. ¶¶ IV & XI.) Defendant was sentenced to 46 months in custody, three years of supervised release, a $2,500 fine and a $100 penalty assessment. (Am. J. 10/28/04.)

Defendant makes two contentions in support of his Motion: (1) his conviction by guilty plea "was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea" because "all [his] priors brought [the] sentence up;" and (2) "ineffective assistance of counsel" because he allegedly "pleaded guilty when [he] was offered 36 months but was given 47." (Mot, at 4-5.) The court rejects both contentions based on the plain terms of the Plea Agreement.

The Plea Agreement informed Defendant that by pleading guilty he would waive certain constitutional and statutory rights, including his right to appeal or collaterally attack his conviction and sentence:

> In exchange for the Government's concessions in this plea agreement, **defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence,** . . ..

(Plea Agreement ¶ XI (emphasis added).) Although the Plea Agreement contains one exception to Defendant's waiver of his right to appeal or collaterally attack his conviction and sentence – allowing an appeal if the court imposed a longer custodial sentence than the high end of the guideline range recommended by the government (Plea Agreement ¶ XI) – this exception does not apply.

In the Plea Agreement, the parties expressly set forth the sentencing recommendations to which they agreed, indicated they did not agree as to Defendant's Criminal History Category, and specified the sentencing recommendations of the Plea Agreement were not binding on the court. (*Id*. ¶¶ IX & X.) At the sentencing, the court followed the Plea Agreement in all respects

as to which the parties agreed. (*Cf.* Plea Agreement ¶ X.A. & B and Reporter's Tr. of Proceedings, Probation Report and Sentencing, 9/27/04 ("TR") at 11-13.) In the Plea Agreement, the government disclosed it intended to recommend a sentence at the high end of the guideline range. (Plea Agreement ¶ XI.) The government did so at the sentencing. The court followed this recommendation at based on Defendant's extensive criminal history. (TR at 13-14.) Accordingly, the court followed the terms of the Plea Agreement in imposing the 46-month custodial sentence.

The Plea Agreement also negates Defendant's claim that he was promised a shorter sentence. Defendant expressly acknowledged that "[n]o one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this plea agreement or otherwise disclosed to the court." (Plea Agreement ¶ VI.B.) In addition, he acknowledged his

> understand[ing] that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that **any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is *not binding on the court*.** Likewise, the recommendation made by the Government is not binding on the court, and it is uncertain at this time what defendant's sentence will be.

(*Id.* ¶ IX (emphasis in bold added).)

The record establishes Petitioner received a sentence in accordance with the Plea Agreement, and therefore irrevocably waived his right to challenge his sentence. The Petition is **DENIED**. The case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: November 21, 2006

_M. James Lorenz_
M. James Lorenz

ALL PARTIES/COUNSEL